PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ CORRETJER HERNÁNDEZ, Defendant and Appellant.

No. 8315.  Argued December 13, 1940.—Decided February 13, 1941.

*A. Lastra Chárriez* and *A. D. Marchand Paz,* for appellant.  *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for The People, appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On the 13th of November, 1936, the District Attorney of San Juan filed an information against José Corretjer charging him with an offense of carrying forbidden weapons because on the 4th of the previous October, in Río Piedras, he illegally, maliciously and wilfully carried on his person a revolver for the purpose of attack and defense.

After a trial had been held, the court on January 3, 1940, found the defendant guilty and sentenced him to six months in jail.  As the basis for its judgment, it rendered the following opinion:

"At the defendant's motion, this case was heard jointly with another against the same defendant for a crime of murder and the parties submitted it to our consideration by the same evidence which was produced in the case of murder.  There was no verdict in the trial for murder and the defendant then asked the court not to decide the other case and to leave it pending in order that it might be heard anew jointly with the prosecution for murder.  As the only argument

in support of his petition, defendant maintains that a judgment of conviction in this case could harm him in the prosecution for murder. The court is of opinion that defendant's petition does not lie. The case at bar has already been heard by a court of law, and the judge is compelled to render the necessary judgment. After a trial has been held and the case submitted, a court cannot refuse to render judgment, at the request of one of the parties, because of the mere fact that it is more convenient to the interest of said party to postpone the decision of the case. The defendant in a criminal case has certain fundamental rights, but among them is not included that of immunity, during the pendency of the prosecution from any judgment for another crime, no matter how intimately connected said crime may be with that which is pending trial. *People v. Marchand Paz*, 53 P.R.R.————. But even assuming that in Puerto Rico said inmunity could be invoked, it should be invoked before the holding of the trial as a possible reason for its postponement and not after defendant has had his day in court, after the evidence for both parties has filed before the court and after defendant has been able to appraise the position in which the evidence has placed him. The evidence shows beyond all doubt that the defendant, at the date and place specified in the information, carried a revolver illegally, which revolver he used to kill José Diosvaldo Díaz, in spite of the fact that there was no assault on the part of the latter, all these being circumstances which require the imposition of the maximum penalty provided for the offense committed.''

Corretjer appealed and in his brief assigns three errors as committed by the court: 1, in deciding the case in spite of the fact that the prosecution for murder had not yet been decided, 2, in the weighing of the evidence, and, 3, in the imposition of an excessive penalty.

In his discussion of the first assignment of error appellant does not cite any jurisprudence in support of the same. His reasoning by itself is not convincing. On the other hand, the opinion of the district court, which remains undisturbed, is wholly convincing. There was no error.

Neither did the court commit the other two errors with which it is charged. After examining the evidence, we find it sufficient and taking into consideration all the concur-

rent circumstances, it cannot be maintained that the trial court abused its discretion when it imposed on the defendant the maximum penalty.

The judgment appealed from must be affirmed.